Stern Estate.

Argued October 1, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*David F. Alpern,* with him *J. Benjamin Alpern,* for appellants.

*Charles F. Dean,* with him *David M. Janavitz,* for appellees.

OPINION PER CURIAM, November 10, 1964:

Appellees presented a claim against the executors of Stern's Estate for $2500 for breach of Stern's covenant in his ten year written lease with appellees dated November 30, 1955. The lease permitted an assignment by the tenant and also pertinently provided: ". . . if the . . . assignee, . . . shall discontinue the operation of the theatre or abandon the same, Norbert Stern shall pay to the Lessors Twenty-five Hundred ($2500.00) Dollars as liquidated damages (and not as rent) by reason thereof."

Stern's executors took this appeal from a decree of distribution which allowed appellees' claim.

Although the Pittsburgh Urban Redevelopment Authority did not condemn the leased premises until September, 1961, Stern's assignee (a Stern-owned corporation) abandoned the premises on April 30, 1961. The principal argument of the executors is that the word "abandon" meant a voluntary abandonment. More specifically, the executors contend (a) that the plans of the Authority for redevelopment of a large area which included the leased premises, had been widely publicized since 1957; and (b) that as a result of this publicity many desirable patrons moved from the neighborhood of the leased premises; and (c) these published plans caused Stern's assignee to lose so much business that it was compelled to abandon the leased premises on April 30, 1961; and (d) these very unusual circumstances which had not been within the contemplation of the parties at the date of the lease, justified an abandonment of the premises and a termination of the lease, and consequently relieved Stern of his promise to pay the aforesaid $2500.

We find no merit in this or in any of the other contentions of the appellants.

Decree affirmed; costs to be paid by appellants.